**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE CASTELLANOS,** <br><br> Plaintiff, <br><br> vs. <br><br> **PARTY RENTAL LTD.,** <br><br> Defendant. | Civil Action No.: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff JOSE CASTELLANOS ("Plaintiff" or "Castellanos"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendant, PARTY RENTAL LTD., ("Defendant" or "Party Rental"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendant as a collective action on behalf of himself and all other persons similarly situated – non-exempt service sales representatives who suffered damages for damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt service sales representative duties for the Defendant primarily in Teterboro, Bergen County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, Party Rental, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant has "over 375,000 square feet of combined warehouse space and the largest selection of linens, tables, flatware, china and catering equipment in the country." See *Defendant's website*. Defendant provides these services and equipment for patrons located in New Jersey, as well as other States. Defendant has locations in New Jersey, New York, Connecticut, Pennsylvania, Maryland, and Washington D.C. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Castellanos is an adult individual who is a resident of Camden, Camden County, New Jersey.

9. Plaintiff Castellanos was employed by Defendant full time as a non-exempt laborer, from in or about 2005, through in or about July, 2016.

10. Upon information and belief, the Defendant owns and/or maintains a party rental business that provides services and products throughout the State of New Jersey as well as neighboring states.

11. Upon information and belief, the Defendant, Party Rental, is headquartered in Teterboro, Bergen County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Party Rental, employs individuals to perform labor services on behalf of the Defendant.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Party Rental is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## CLASS AND COLLECTIVE ALLEGATIONS

15. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

16. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendant.

17. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the

collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

18. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

19. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendant's policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendant's actions.

20. Upon information and belief, Defendant uniformly applies the same employment policies, practices, and procedures to all employees who work at the Defendant's locations.

21. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendant. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

23. This action is properly maintainable as a collective action pursuant to § 216(b) of the

FLSA.

24. Plaintiff's claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

25. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

**FACTS**

26. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendant did not properly compensate Plaintiff for all overtime hours he worked in a work week.

27. Plaintiff Castellanos was paid approximately $15.18 per hour.

28. Plaintiff Castellanos routinely worked five (5) to six (6) days per week.

29. Plaintiff Castellanos worked forty (40) hours per week, and regularly in excess of forty (40) hours per week.

30. Upon information and belief, Plaintiff was not compensated properly for his lunch time, thirty (30) minutes, each and every day.

31. On most days, Plaintiff was only permitted to take approximately fifteen (15) minutes for lunch each day.

32. Defendant improperly deducted thirty (30) minutes every day from Plaintiff's pay.

33. Upon information and belief, employees similarly situated to Plaintiff were also compensated improperly, for their lunch hour wages.

34. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

35. At all times material hereto, Plaintiff and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendant.

36. This cause of action is brought to recover from Defendant, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

37. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendant.

38. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendant.

39. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

40. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who were not properly compensated for those lunch hours worked in excess of forty (40) hours in one or more work periods, on or after May 5, 2013.

41. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

42. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 41 above.

43. Plaintiffs are entitled to be paid additional compensation for each overtime hour worked per work period.

44. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime lunch hours worked in a work period.

45. All similarly situated employees of the Defendant are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

46. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

47. As a result of Defendant's willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT III
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

48. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 47 above.

49. Defendant's aforementioned conduct is in violation of the NJWHL.

50. As a direct and proximate cause of Defendant's actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

51. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, JOSE CASTELLANOS, and those similarly situated employees, demand judgment, against Defendant PARTY RENTAL LTD., for the payment of compensation for all hours due them and overtime hours due them, for the lunch hours worked by them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: May 9, 2017

Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*